## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## BLUEFIELD DIVISION

| | |
|---|---|
| KIRT BYNUM, )<br>      Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERCIA, )<br>      Respondent. ) | Civil Action No. 1:14-28276 |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending is Petitioner's Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody (Document No. 1), filed on November 17, 2014.[1] By Standing Order, this matter was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.) By Order entered on January 6, 2016, the above case was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for deposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 6.) Having examined Petitioner's Section 2241 Application, the undersigned finds, and hereby respectfully recommends, that Petitioner's Application be dismissed.

### FACT AND PROCEDURE

**A.    Criminal Action No. 1:07-cr-00242:**

On November 30, 2007, Petitioner pled guilty in the United States District Court for the District of Maryland to one count of Possession of Cocaine, Cocaine Base and Marijuana with

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Intent to Distribute (Count Three) in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). United States v. Bynum, Case No. 1:07-cr-00242 (D.Md. Feb. 4, 2008), Document No. 11. On February 4, 2008, the District Court sentenced Petitioner to a 188-month term of imprisonment to be followed by a four-year term of supervised release. Id., Document No. 15.

On February 15, 2008, Petitioner filed a Notice of Appeal. Id., Document No. 16. In his appeal, appellate counsel filed an Anders Brief stating that there was no meritorious issue for appeal, but arguing the Court should review whether Petitioner's guilty plea was valid and whether his sentence was reasonable. Id. Petitioner filed a *pro se* supplemental brief arguing as follows: (1) The District Court failed to ensure Petitioner had reviewed the presentence report with counsel; (2) Petitioner's attorney provided ineffective assistance by failing to object to his career offender status; (3) The Rule 11 hearing was invalid; and (4) Petitioner's sentence was unreasonable. Id. The United States filed a Motion to Dismiss arguing that Movant's appeal was precluded by the waiver of appellate rights in the plea agreement. Id. Movant, by counsel, filed a Response to the United States' Motion to Dismiss. Id. On December 4, 2008, the Fourth Circuit granted the United States' Motion to Dismiss in part, affirmed in part, and dismissed in part. United States v. Bynum, 302 Fed.Appx. 159 (4th Cir. 2008). Specifically, the Fourth Circuit granted the United States' Motion to Dismiss concerning Movant's sentence after concluding that Movant knowingly and voluntarily waived the right to appeal his sentence. Id. Next, the Fourth Circuit affirmed Movant's conviction. Id. After determining that Movant did not waive his right to appeal his conviction, the Fourth Circuit considered Petitioner's claims regarding the validity of his Rule 11 hearing, the District Court's failure to abide by Rule 32(i)(1)(A), and ineffective assistance, and affirmed the District Court's judgment. Id. Movant did not file a petition for certiorari in the United States Supreme Court.

**B.     Section 2255 Motion:**

On February 4, 2010, Movant filed in the District of Maryland his first Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Bynum, Case No. 1:07-cr-00242, Document No. 23. As grounds for *habeas* relief, Movant asserted as follows: (1) "Whether the judgment in this case was entered in violation of petitioner's right to have forfeiture order therein the Judgment and Commitment or, due process violation where this Court's to annunciate the forfeiture to be obtain therein the Judgment and Commitment"; and (2) "Whether petitioner's right to direct appeal was violated pursuant to Federal Rules of Criminal Procedure, Rule 32(d)(2) due to this Court's failure to issue a final order on the potential forfeiture." Id. The United States filed a Response in Opposition on May 3, 2010. Id., Document No. 25. Petitioner filed his Reply on June 4, 2010. Id., Document No. 27. By Memorandum Opinion and Order entered on November 9, 2012, United States District Judge Catherine C. Blake denied Petitioner's Section 2255 Motion. Id., Document Nos. 29 and 30. On December 5, 2012, Petitioner filed a Notice of Appeal. Id., Document No. 31. By Per Curiam Opinion entered on April 22, 2013, the Fourth Circuit dismissed Petitioner's appeal. United States v. Bynum, 518 Fed.Appx. 216 (4th Cir. 2013).

**C.     Instant Section 2241 Motion:**

On November 17, 2014, Petitioner, acting *pro se*, filed his instant Petition requesting relief under 28 U.S.C. § 2241. (Civil Action No. 1:14-28276, Document No. 1.) In his Petition, Petitioner requests relief from his career offender enhancement under U.S.S.G. 4B1.1. (Id.) Citing Descamps v. United States, 133 S.Ct. 2276 (2013), Petitioner contends that his predicate convictions no longer constitute qualifying offenses for the enhancement. (Id.) Specifically, Petitioner argues as follows: (1) "The District Court erred by not applying the categorical approach, the Court did not

3

look into the actual statute to substantiate the qualification of the prior offense;" (2) "The District Court erred by relying solely on a 'trust test copy' which is an abstract judgment of conviction to justify a sentencing enhancement;" and (3) "The District Court committed reversible error by looking not farther than the modified categorical approach." (Id.) As relief, Petitioner requests that this Court "vacate his illegal sentence and schedule a new sentencing hearing so that he can be resentenced without application of the career offender enhancement." (Id.)

**D.    Section 3582 Motions:**

On March 2, 2015, Movant filed in the District of Maryland a "Motion for Reduction of Sentence Pursuant to Title 18 U.S.C. § 3582(c)(2), Based on the Retroactive Amendment Passed into Law on November 1, 2014." Bynum, Criminal Action No. 1:07-00242, Document No. 36. The United States filed its Response in Opposition on January 11, 2016. Id., Document No. 38. By Order entered on March 29, 2016, the District Court denied Movant's Section 3582(c)(2) Motion. Id., Document No. 39. On August 22, 2016, Movant filed his second Motion for Reduction of Sentence Pursuant to Title 18 U.S.C. § 3582(c)(2). Id., Document No. 40. This Motion is currently pending before the Court.

**E.    Request for Authorization to File a Successive Section 2255 Motion:**

On June 26, 2016, Movant filed with the Fourth Circuit a "Motion for Authorization to File a Successive Motion Under 28 U.S.C. § 2255" pursuant to 28 U.S.C. § 2244. In re: Kirt Bynum, Case No. 17-0295 (4th Cir.), Document No. 2. By Order entered on July 25, 2017, the Fourth Circuit denied Movant's Motion seeking authorization to file a second or successive application for relief under 28 U.S.C. § 2255. Id., Document No. 6.

## ANALYSIS

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court

must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11 Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon her liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

In view of the nature of the claims, the undersigned finds Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the

validity of his sentence as imposed by the District of Maryland. Specifically, Petitioner challenges his career offender enhancement under the U.S.S.G. Petitioner is clearly challenging the validity of his sentence, not the manner in which his sentence is being executed. Accordingly, the undersigned will briefly consider Petitioner's claims under Section 2255 for the sole purpose of determining whether the instant Section 2241 Application should be (1) dismissed, or (2) construed as a Section 2255 Motion and transferred to the appropriate jurisdiction. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Viewing Petitioner's Application as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the District of Maryland. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's instant Application should not be construed and transferred as a Section 2255 Motion because Petitioner has proceeded under Section 2255 in the sentencing Court once before and has not obtained certification/authorization to file a second or successive Motion from the Fourth Circuit Court of Appeals.[2]

---

[2] Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel

To the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the undersigned will consider his claims under Section 2241. Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of his conviction if he can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging his conviction in a venue other than the sentencing court if the Petitioner can establish that his remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate

---

of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Petitioner must demonstrate that the Motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Nevertheless, this Court need not reach the issue of whether Petitioner's Motion actually contains newly discovered evidence or presents a new rule of constitutional law. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." *In re Goddard*, 170 F.3d 435, 436 (4th Cir. 1999); *See* 28 U.S.C. § 2244(b)(3)(A). The Fourth Circuit has recently denied Petitioner's Motion under 28 U.S.C. § 2244 for an order authorizing the District Court to consider a successive application for relief under Section 2255.

or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34. It appears, however, that the Fourth Circuit has not recognized an entitlement to proceed under section 2241 when an inmate challenges his *sentence* contending that the remedy under Section 2255 is inadequate or ineffective. See United States v. Poole, 531 F.3d 263, 267 fn. 7 (4th Cir. 2008), ("Fourth Circuit precedent has likewise not extended the reach of the [Section 2255(e)] savings clause to those petitioners challenging only their sentences. See In re Jones, 226 F.3d 228, 333 - 34 (4th Cir. 2000)(outlining the circumstances in which '§ 2255 is inadequate or ineffective to test the legality of a *conviction*')(emphasis added).") "The remedy provided under Section 2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under Section 2241." Boynes v. Berkebile, 2012 WL 1569563 at *6 (S.D.W.Va.)(District Judge Berger).

     Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241. First, Petitioner does not allege an intervening change in law that establishes his

actual innocence of the underlying *conviction*. Citing Descamps,[3] Petitioner argues that his prior convictions no longer qualify as predicate offenses for the purposes of enhancing his sentence under the Sentencing Guidelines. The undersigned finds that Petitioner's challenge to the validity of his *sentence* based upon Descamps does not meet the requirements of the saving clause.[4] See Bennett v. United States, 2012 WL 5511643 (S.D.W.Va. Oct. 23, 2012); also see Farrow v. Revell, 2013 WL 5546155 (4th Cir. Oct. 9, 2013)(unpublished)(petitioner's challenge to his armed career criminal status is not cognizable in a Section 2241 petition because the savings clause only preserves claims in which petitioner alleges actual innocence of his *conviction*); Darden v.

---

[3] In *Descamps v. United States*, ___U.S. ___, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013), the United States Supreme Court held that to determine whether a past conviction is a "violent felony" within the meaning of the ACCA, courts should use the categorical approach if the state statute is "indivisible." Case law, however, indicates that *Descamps* is not retroactive to cases on collateral review. *See In re Jackson*, 776 F.3d 292, 296 (5th Cir. 2015); *Groves v. United States*, 755 F.3d 588, 593 (7th Cir. 2014); *Wilson v. Warden*, 581 Fed.Appx. 750, 753 (11th Cir. 2014); *Sutton v. United States*, 2016 WL 8677281 (E.D.N.C. April 8, 2016); *Vaughn v. United States*, 2016 WL 698152, * 5 (S.D.W.Va. Feb. 22, 2016); *Gilbert v. United States*, 2015 WL 11111314, * 3 (D.S.C. March 10, 2015); *Baldwin v. United States*, 2013 WL 6183020 (D.Md. Nov. 25, 2013)(holding that *"Descamps* – and by extension *Royal* – are not retroactive."*)*.

[4] In *Johnson*, the United States Supreme Court held that the "residual clause" of the Armed Career Criminal Act ["ACCA"] was unconstitutionally vague. *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). The ACCA provides for enhanced penalties for those with three qualifying prior felony convictions for either serious drug offenses or violent felonies. The "residual clause" provided that a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another" was considered a violent felony. 18 U.S.C. § 924(e)(2)(B)(ii). On April 18, 2016, the United States Supreme Court determined that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review. *Welch v. United States*, ___ U.S. ___, 136 S.Ct. 1257 (2016). On March 6, 2017, the United States Supreme Court held that the United States Sentencing Guidelines ["U.S.S.G."] were not subject to a void for vagueness challenge under the Fifth Amendment. *Beckles v. United States*, ___ U.S. __, 137 S.Ct. 886, 197 L.Ed.2d 145 (2017). The record clearly reveals that Petitioner is challenging the enhancement of his sentence under the U.S.S.G. Furthermore, the record reveals that the Fourth Circuit has denied Petitioner's requests for authorization to file a successive Section 2255 Motion.

Stephens, 426 Fed.Appx. 173 (4th Cir. 2011)(finding that Petitioner could not challenge his *sentence* based upon *Chambers* under a Section 2241 Petition); McCode v. Ziegler, 2015 WL 362657 (S.D.W.Va. Jan. 27, oftline2015)(District Judge Berger)(petitioner's claim that changes in the law disqualified certain prior convictions that were used to enhance his sentence under the ACCA is not cognizable in a Section 2241 petition); Chambers v. United States, 2013 WL 171091, * 3 (W.D.N.C. Jan. 16, 2013)(finding that Petitioner's challenge to his sentence as being impermissibly enhanced based on a prior North Carolina state drug conviction does not come within the purview of § 2241 as outlined in *Jones*); Noggin v. Wilson, 2013 WL 5603226 (E.D.Va. Oct. 11, 2013)(finding that Petitioner could not challenge his *sentence* based upon *Miller* and *Simmons* under a Section 2241 Petition); Moon v. United States, 2012 WL 6212616, * 2 (D.S.C. Dec. 13, 2012)(Since petitioner challenges his armed career criminal sentencing enhancement based upon Simmons, he has not raised a claim that may be presented in a Section 2241 Petition). As stated above, Section 2255 is not rendered inadequate or ineffective merely because an individual is barred procedurally or by the gatekeeping requirements of Section 2255. Therefore, Petitioner has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion and his Section 2241 Petition should be dismissed.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application for Writ of *Habeas Corpus* by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Document No. 1) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: October 4, 2017.

_____
Omar J. Aboulhosn
United States Magistrate Judge